United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER UPHAM,<br><br>    Plaintiff,<br><br>  v.<br><br>HELENA F. FOX, Individually and as the Personal Representative of the Estate of Peter M. Fox, Deceased, and as Guardian Ad Litem for R.H.F. and R.G.F., Minors,<br><br>    Defendants.<br>_____/ | No. C 13-3377 MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; AFFORDING PLAINTIFF LEAVE TO AMEND; CONTINUING CASE MANAGEMENT CONFERENCE** |

    Before the Court is defendants Helena F. Fox ("Fox"), Rebecca H. Fox, and Robert G. Fox's' motion, filed January 23, 2014, to dismiss plaintiff's Second Amended Complaint ("SAC"). Plaintiff has filed opposition, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court hereby rules as follows.[1]

## BACKGROUND

    The instant action arises out of plaintiff's $300,000 investment in 1991, at the instigation of Peter M. Fox ("decedent"), in three Costa Rica corporations, for the purpose of developing three parcels of Costa Rica beachfront property into a hotel and office complex. (See SAC ¶¶ 47, 49, 50, 53.) Plaintiff alleges that in or about 1992, the decedent

---

    [1] By order filed March 5, 2014, the Court deemed the matter suitable for decision on the parties' written submissions and vacated the hearing set for March 7, 2014.

violated various oral and written contracts between plaintiff and the decedent (see id. ¶¶ 59-63), and, in 1993, "defraud[ed]" him of his share of the proceeds from one of the three corporations, a fraud he discovered in 1995 (see id. ¶¶ 67-68).  Plaintiff alleges that the decedent, despite his promise to do so (see id. ¶ 51), never provided him with "accurate monthly accountings" (see id. ¶ 77) and that, despite his representations to plaintiff that the parcels would be developed and return a profit on plaintiff's investment (see ¶ 52), the parcels instead "lay fallow and are going to waste" as, due to the decedent's "mismanagement" (see id. ¶ 76), "[n]o activity to make the properties profitable has taken place in years" (see id. ¶¶ 93-94).

On September 20, 1995, plaintiff filed a lawsuit in the Sonoma County Superior Court against the decedent and various alleged coconspirators, in which he brought claims against the decedent for "Breach of Contract," "Breach of Fiduciary Duty," "Conversion," "Intentional Misrepresentation," "Negligent Misrepresentation," "Concealment of Material Facts," "Conspiracy to Breach Fiduciary Duty," "Conspiracy to Convert," "Conspiracy to Defraud," "Accounting," and "Unjust Enrichment," based, in each instance, on the events described above.  (See Defendants' Request for Judicial Notice ("RJN") at Ex. 1.)[2]  On March 13, 1998, the Superior Court dismissed the case.  (See RJN at Ex. 2.)

Less than a year later, on February 25, 1999, plaintiff again filed a lawsuit in the Sonoma County Superior Court against the same defendants, in which he brought the same claims, based upon essentially identical facts.  (Compare RJN at Ex. 3 ¶¶ 9-53 with RJN Ex. 1 ¶¶ 9-53.)  On November 3, 2000, the Superior Court granted defendants' motion to stay on the ground of inconvenient forum, finding the matter should be litigated in Costa Rica (see RJN at Ex. 4 at 2 (citing Cal. Civ. Proc. Code § 418.10(a)(2)), and plaintiff thereafter brought suit in Costa Rica (see SAC ¶ 12).  The Costa Rica lower court found "in

---

[2] In support of their motion to dismiss, defendants request the Court take judicial notice of a number of documents, all constituting court records.  The request is unopposed.  A court may "take judicial notice of matters of public record outside the pleadings and consider them for purposes of [a] motion to dismiss." Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (internal quotation and citation omitted).  Accordingly, each such request is hereby GRANTED.

2

1  favor of plaintiff" (see id.), but, in May 2005, was reversed in part on appeal (see id.).
2  According to plaintiff, the litigation in Costa Rica "did not resolve all of the issues and
3  allegations" raised in the California case. (See id.)
4        Two years later, on September 10, 2007, plaintiff filed a motion to lift the stay in the
5  California case. (See id. ¶ 14.) The Superior Court denied the motion and entered an
6  order to show cause why the case should not be dismissed (see id.), after which plaintiff,
7  on February 19, 2008, filed a dismissal of all causes of action without prejudice (see RJN at
8  Ex. 5).
9        Two months later, on April 7, 2008, plaintiff filed a complaint in federal court against
10 Fox in her capacity as the personal representative of the estate of the decedent. In that
11 complaint, plaintiff again alleged the same facts as were alleged as the basis for his two
12 California cases (see RJN Ex. 6 ¶¶ 48-92) and asserted the same causes of action (see
13 RJN Ex. 6 at 1-3); in addition, plaintiff included allegations related to the probate of the
14 estate of the decedent (see RJN ¶¶ 19-47), who died on December 25, 2001 (see SAC
15 ¶ 9), and asserted new causes of action for "Injunction," "Constructive Trust," and "Fraud
16 and Misrepresentation" (see RJN Ex. 6 at 1). Thereafter, plaintiff, on February 26, 2010,
17 voluntarily dismissed that action without prejudice (see Notice of Dismissal, Dkt. 35, Case
18 No. C 08-1859 MMC, filed February 26, 2010; SAC ¶ 17), which dismissal, plaintiff alleges,
19 was pursuant to "a tolling agreement to attempt to allow the parties to negotiate a
20 settlement" (see SAC ¶ 17).
21       Three years later, on July 19, 2013, plaintiff filed the instant action against Fox,
22 again as the personal representative of the decedent's estate, as well as individually and as
23 guardian ad litem for her two minor children. (See SAC ¶ 41 (alleging liability of individual
24 defendants as "distributees of the Fox Estate").) The facts alleged in the SAC are in all
25 material respects identical to those alleged in the 2008 complaint. (Compare RJN Ex. 6
26 ¶¶ 19-92 with SAC ¶¶ 22-89.) Based thereon, plaintiff now brings causes of action for
27 "Accounting," "Unjust Enrichment," "Injunction," and "Constructive Trust." Defendants
28 move to dismiss on the ground that all causes of action are barred by the applicable

statutes of limitation, constitute remedies as opposed to actionable claims, and/or otherwise fail to state a claim upon which relief can be granted.

## LEGAL STANDARD

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

## DISCUSSION

### A.   First Cause of Action: Accounting

Defendants contend plaintiff's First Cause of Action fails because it "only alleges the remedy of an accounting" without any "cause of action to support the remedy," and, further, that any possible supporting cause of action would be time-barred. (See Opp'n at 6:17-

4

21).[3]

Under California law, "an accounting is generally a remedy in equity" rather than an independent cause of action. See Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1191 (N.D. Cal. July 9, 2009); see also Fradis v. Savebig.com, 2011 WL 7637785 at *8 (C.D. Cal. Dec. 2, 2011) (noting "[a] number of courts have held that an accounting is merely an equitable remedy"). Even where an accounting is treated as an independent cause of action, however, it is "dependent upon a substantive basis for liability." See Glue-Fold, Inc. v. Slautterback Corp., 82 Cal. App. 4th 1018, 1023 n.3 (2000). Here, to the extent plaintiff's claim is based on the allegation that the decedent promised plaintiff at the time of the initial investment that "he would provide [plaintiff] with accurate monthly accounting for the [Costa Rica] [c]orporations" (see SAC ¶ 51) but "refused" to do so "[d]espite repeated demands" (see id. ¶ 98), such claim arises from an oral agreement allegedly made in 1991 (see SAC ¶¶ 51-53) and breached shortly thereafter (see SAC ¶¶ 77-78).[4] As noted, defendants argue any such claim would be time-barred.

In an action for an accounting, "the nature of the right sued upon, not the form of action or the relief demanded, determines the applicability of the statute of limitations." Jefferson v. J.E. French Co., 54 Cal. 2d 717, 718 (1960) (holding accounting sought was "merely ancillary to the perfection of plaintiff's right under the oral contract" and thus was governed by two-year statute of limitations for breach of oral contract). Consequently, to the extent plaintiff's claim is based on the above-referenced promise to provide an

---

[3] In their "Statement of Facts," defendants assert, without further elaboration, that "any claim[s] against Helena Fox, as the representative of the Estate of Peter Fox are probate claims, and should be dismissed for lack of jurisdiction under FRCP 12(b)(1)." (See Mot. at 3:6-7.) As defendants do not return to such assertion in their "Argument" or otherwise cite to any law in support thereof, the Court does not address it further herein.

[4] Plaintiff also alleges decedent is "required to remit an accounting, as fiduciary to [plaintiff]." (See SAC ¶ 98.) As defendants point out, however, the SAC does not contain sufficient facts or cite to any law to show a fiduciary relationship existed between plaintiff and the decedent, or that any such relationship exists or existed between plaintiff and any defendant to the instant action.

accounting, the claim would be barred by the statute of limitations.  See Jefferson, 54 Cal. 2d at 718; Cal. Civ. Proc. Code § 339 (providing for two-year statute of limitations for breach of oral contract); see also id. § 337 (providing for four-year statute of limitations for breach of written contract).

In addition to his oral contract with the decedent, plaintiff's accounting cause of action is based on an "accounting" presented to plaintiff on February 5, 2007 by defendant Fox in her individual capacity, pursuant to an order of the Supreme Court of Costa Rica, which accounting, plaintiff alleges, was a "sham and does not accurately and fairly account to plaintiff." (See SAC ¶ 100.)  In that regard, as defendants point out, a question exists as to whether such claim is cognizable in federal district court.  (See Opp'n at 6:12-13); see, e.g., Gann v. Schwarzenegger, 2010 WL 5170173 at *8 (E.D. Cal. Dec. 14, 2010) (holding "[i]ssues of whether [d]efendants [were] violating orders of another [c]ourt [were] properly raised before that [c]ourt" and district court could "not intervene to issue orders or evaluate compliance with the orders of that other action").

Further, even if a claim based on the 2007 accounting is properly brought in this court, it sounds in fraud and thus must be filed within three years of "the discovery, by the aggrieved party, of the facts constituting [such] fraud."  See Cal. Civ. Proc. Code § 338(d). The SAC, however, contains no facts showing how or when plaintiff discovered Fox's accounting to be a "sham."  (See SAC ¶ 100.)  Absent such factual allegations as well as allegations demonstrating plaintiff "was not negligent in failing to make the discovery sooner and that he had no actual or presumptive knowledge of facts sufficient to put him on inquiry," an action based thereon would be time-barred.  See Cansino v. Bank of America, __ Cal. App. 4th __, 2014 WL 1229660 at *6 (2014).

Plaintiff alleges that any applicable statute of limitations is subject to tolling under the doctrine of promissory estoppel, based on plaintiff's allegation that the reason for his voluntary dismissal of the 2008 federal case was defendants' "promise[] to sign a tolling agreement and represent[ation] that they had signed such a tolling agreement" despite "not [having] signed such a tolling agreement." (See SAC ¶ 90.)  Plaintiff does not, however,

6

plead any facts showing when such alleged agreement was reached, or its specific terms, including whether it covered any period prior to the dismissal of his first federal lawsuit on February 26, 2010, or facts to support an argument that any such period otherwise is subject to equitable tolling. See Wood v. Elling Corp., 20 Cal. 3d 353, 359 (1977) ("In the absence of a statute, a party cannot deduct from the period of the statute of limitations applicable to his case the time consumed by the pendency of an action in which he sought to have the matter adjudicated, but which was dismissed without prejudice to him[.]").

Lastly, in his opposition, plaintiff asserts that "[a]n accounting is due every year" and that "[e]ach year that an accounting has not been provided starts the statute [of limitations] to run again." (See Opp'n at 1:26, 2:1-2.) Plaintiff, however, cites to no law nor does the SAC contain any facts to support such proposition.

Accordingly, plaintiff's First Cause of Action will be dismissed, and plaintiff will be afforded leave to amend to cure the above-noted deficiencies.

### B. Second Cause of Action: Unjust Enrichment

Plaintiff alleges defendants would be "unjustly enriched were they permitted to retain the funds that [plaintiff] invested, and any profits, commissions, fees, and other proceeds derived therefrom." (See SAC ¶ 143.) Defendants argue any such claim is, in actuality, based in quasi-contract, and cannot cannot stand "where there is a valid, express contract defining the rights of the parties." (See Opp'n at 7:12-16.) Defendants further contend that any such claim is time-barred. (See id. at 8:3-6.)

Unjust enrichment is not a cause of action recognized under California law; rather, unjust enrichment is "a general principle, underlying various legal doctrines and remedies," and is "synonymous with restitution." See McBride v. Boughton, 123 Cal. App. 4th 379, 387 (2004). "Common law principles of restitution require a party to return a benefit when the retention of such benefit would unjustly enrich the recipient; a typical cause of action involving such remedy is 'quasi-contract.'" See Munoz v. MacMillan, 195 Cal. App. 4th 648, 661 (2011). A quasi-contract claim, however, as defendants point out, "cannot lie where there exists between the parties a valid express contract covering the same subject

7

1  matter." Lance Camper Mfg. Corp. v. Republic Indem. Co., 44 Cal. App. 4th 194, 203
2  (1996).
3    Here, plaintiff alleges his investment was made pursuant to an express oral
4  agreement between himself and the decedent (see SAC ¶¶ 49-50; 51-53 (describing offer
5  and subsequent acceptance by performance)), and that a written contract was executed in
6  which the parties' responsibilities pertaining to that investment were set forth (see SAC Ex.
7  A).  Consequently, absent an allegation that the agreement was procured by fraud or is
8  otherwise unenforceable, plaintiff cannot rely on quasi-contract as a ground for relief.  See
9  McBride, 123 Cal. App. 4th at 388 (noting "restitution may be available in lieu of breach of
10  contract damages when the parties had an express contract, but it was procured by fraud
11  or is unenforceable").
12    Moreover, "[a] quasi-contract action, in the form of a common count for money had
13  and received, to recover money obtained by fraud (waiver of tort) or mistake, is governed
14  by the fraud statute."  See First Nationwide Sav. v. Perry, 11 Cal. App. 4th 1657, 1670
15  (1992).  Consequently, any such claim would be time-barred if filed more than three years
16  after plaintiff's discovery of "the facts constituting the fraud or mistake."  See Cal. Civ. Proc.
17  Code § 338(d).  Here, as plaintiff's unjust enrichment claim is identical to the unjust
18  enrichment claim he filed in 1995 and, as such, was discovered by that time, it is, in the
19  absence of facts to support equitable tolling, barred by the applicable statute of limitations.
20    Accordingly, plaintiff's Second Cause of Action will be dismissed, and plaintiff will be
21  afforded leave to amend to cure the above-noted deficiencies.

    **C.**    **Third Cause of Action: Injunction**

23  Plaintiff alleges that, in March 1996, "plaintiff and the decedent entered into a
24  stipulation agreeing that neither party be allowed to transfer, assign, convey, encumber,
25  pledge, mortgage, create a security interest in, conceal or in any manner whatsoever
26  dispose of the whole or any part of any shares of the [Costa Rica] corporations or any
27  asset of the corporation[s] without the express prior written consent of the other party," and
28  that defendants should be "enjoined from transferring, selling or hypothecating any and all

of the real property, corporate stock or any funds that [plaintiff] invested, and any profits, commissions, fees, and other proceeds derived there from." (SAC ¶¶ 149-50.)

Defendants argue any such claim constitutes a remedy, not an independent cause of action, and, consequently, is subject to dismissal.[5] The Court agrees. See County of Del Norte v. City of Crescent City, 71 Cal. App. 4th 965, 973 (1999) (holding "[a] permanent injunction is an equitable remedy, not a cause of action, and thus it is attendant to an underlying cause of action"); see also Mangindin v. Washington Mut. Bank, 637 F. Supp. 2d 700, 709 (N.D. Cal. June 18, 2009) (dismissing cause of action for injunctive relief on ground it does not state independent claim).

Accordingly, plaintiff's Third Cause of Action will be dismissed, and plaintiff will be afforded leave to allege an underlying cause of action that contains facts sufficient to show such cause of action is not time-barred.

## IV. Fourth Cause of Action: Constructive Trust

Defendants argue plaintiff's Fourth Cause of Action fails because it only pleads a remedy and the SAC contains no "factual allegations to support a cause of action that would allow for the imposition of a constructive trust as to these defendants." (See Mot. at 9:4-5.) Defendants further argue any potential supporting cause of action would be time-barred.

"A constructive trust is an equitable remedy" whereby "'[o]ne who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he has some other and better right thereto, [deemed] an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it.'" Kraus v. Willow Park Public Golf Course, 73 Cal. App. 3d 354, 373 (1977) (quoting Cal. Civ. Code

---

[5] Defendants alternatively argue that, under California law, "[a]n injunction cannot be granted . . . [t]o prevent the breach of a contract the performance of which would not be specifically enforced" (see Opp'n at 8:9-16 (quoting Cal. Civ. Proc. Code § 526(b))), and thus that an injunction cannot be issued to prevent the breach of the above-referenced stipulation. Defendants fail to explain, however, why the alleged stipulation cannot be specifically enforced under California law, see, e.g., Cal. Civ. Code § 3390 (setting forth list of "[o]bligations not specifically enforceable"), and, consequently, the Court does not further address such argument herein.

§ 2224).  The creation of a constructive trust requires a plaintiff to allege "the existence of a res (property or some interest in property), the plaintiff's right to that res, and the defendant's gain of the res by fraud, accident, mistake, undue influence, the violation of a trust or other wrongful act."  See id.  Because a constructive trust is "not a substantive device but merely a remedy . . . , an action seeking to establish a constructive trust is subject to the limitation period of the underlying substantive right."  Davies v. Krasna, 14 Cal. 3d 502, 515 (1975).

Here, plaintiff's constructive trust claim appears to be based entirely upon the above-described conduct of the decedent, all of which, as noted, occurred between 1991 and 1995.  (See SAC ¶¶ 152.)  As discussed above, absent allegations sufficient to show equitable tolling, each of the underlying causes of action on which plaintiff's constructive trust claim might be based is barred by the applicable statute of limitations.

Accordingly, plaintiff's cause of action for constructive trust will be dismissed, and plaintiff will be afforded leave to allege an underlying substantive claim containing facts sufficient to show such cause of action is not time-barred.

## CONCLUSION

For the reasons stated above:

1. Defendants' motion to dismiss the SAC is hereby GRANTED, and plaintiff is hereby afforded leave to amend as described above.

2. Any amended complaint shall be filed no later than April 28, 2014, and, except as set forth above, plaintiff may not add any new federal or state law claims, nor may he add any new defendant, without first obtaining leave of court.  See Fed. R. Civ. P. 15(a)(2).

3. The Case Management Conference currently scheduled for April 11, 2014, is hereby CONTINUED to July 25, 2014.

**IT IS SO ORDERED.**

Dated: April 8, 2014

MAXINE M. CHESNEY
United States District Judge