IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER UPHAM,<br><br>    Plaintiff,<br><br>  v.<br><br>HELENA FOX, et al.,<br><br>    Defendants.<br>_____/ | No. C 13-3377 MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

    Before the Court is defendants' motion, filed May 21, 2014, to dismiss plaintiff's Third Amended Complaint ("TAC"). Plaintiff has filed opposition,[1] to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[2]

## BACKGROUND

    The instant action was filed July 19, 2013, and arises out of plaintiff's $300,000 investment in 1991, at the instigation of Peter M. Fox ("decedent"), in three Costa Rica

---

[1] Plaintiff's opposition was filed June 16, 2014, twelve days past the deadline to oppose. See Civil L.R. 7-3 (providing opposition must be filed "not more than 14 days after the motion was filed"). Although the opposition includes no explanation for the delay, the Court nonetheless has considered the arguments plaintiff makes therein.

[2] By order filed June 24, 2014, the Court deemed the matter suitable for decision on the parties' written submissions and vacated the hearing set for June 27, 2014.

corporations. (See TAC at 12:3-10.)[3] Prior to the instant action, plaintiff brought four other lawsuits against the decedent and/or his heirs: two in California state court, in 1995 and 1999, respectively; one in Costa Rica, in or about 2000;[4] and one in federal court, in 2008. (See Defendants' Request for Judicial Notice ("RJN") at Exs. 1, 3, 6; TAC ¶¶ 12-13)[5] The 1995 action was dismissed by the state court in 1998, following a hearing on an Order to Show Cause. (See RJN at Ex. 2.) The 1999 action, which involved the same claims as the 1995 action, was voluntarily dismissed in 2007 by plaintiff. (See id. at Ex. 5.) The 2008 action, which realleged those same claims and added claims for "Injunction" and "Constructive Trust" as well as allegations pertaining to the decedent's probate, was voluntarily dismissed by plaintiff in 2010. (See Upham v. Personal Representative of the Estate of Peter M. Fox, et al., 08-cv-1859 MMC, Dkt. No. 35.) The Costa Rican action proceeded to judgment. (See TAC ¶¶ 12-13.)

In the instant action, plaintiff, in his Second Amended Complaint ("SAC"), alleged the following four causes of action: "Accounting," "Unjust Enrichment," "Injunction," and "Constructive Trust," all of which had been alleged in essentially identical form in the 2008 action, and all of which the Court, by order filed April 8, 2014, dismissed for a number of reasons, and, in particular, that said causes of action either were barred by the applicable statutes of limitations or pleaded only remedies. The Court afforded plaintiff leave to

---

[3] The paragraph numbering in the TAC is, as defendants note, "confusing." (See Mot. at 2 n.1.) Certain numbers are repeated multiple times; others are omitted. (See, e.g., TAC at 25:6-27:22 (numbering paragraphs in sequence as 75, 76, 77, 78, 79, 101, 102, 103, 102, 103, 75, 76, 77, 78, 80).) For clarity, where plaintiff has used the same paragraph number for multiple paragraphs, the Court, in citing to the TAC, has used page and line numbers.

[4] Although no party has provided any document filed in the Cosa Rica action, plaintiff alleges the 1999 California action was stayed in November 2000, and that he "thereafter" filed the Costa Rica action. (See TAC ¶ 12.)

[5] In support of their motion to dismiss, defendants request the Court take judicial notice of a number of documents, all constituting court records. The request is unopposed. A court may "take judicial notice of matters of public record outside the pleadings and consider them for purposes of [a] motion to dismiss." Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (internal quotation and citation omitted). Accordingly, each such request is hereby GRANTED.

amend to cure the noted deficiencies, by, <u>inter alia</u>, alleging facts sufficient to show the timeliness of any cause of action alleged.

In his TAC, plaintiff realleges the above-referenced four causes of action, adds six new causes of action, specifically, "Breach of Contract," "Conversion," "Breach of Fiduciary Duty," "Intentional Misrepresentation," "Negligent Misrepresentation," and "Concealment of Material Facts," along with expanded "General Allegations" (<u>see</u> TAC at 11:11) and "Specific Allegations" (<u>see</u> <u>id.</u> at 24:8), and attaches a tolling agreement previously referenced in, but not provided with, the SAC.

## LEGAL STANDARD

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. <u>See</u> <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" <u>See</u> <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." <u>See</u> <u>id.</u> Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>See</u> <u>id.</u> (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. <u>See</u> <u>NL Industries, Inc. v. Kaplan</u>, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" <u>Twombly</u>, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual

allegation." See Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

**DISCUSSION**

Defendants argue plaintiff has failed to cure any of the defects identified by the Court in its prior order. As set forth below, the Court agrees.

### A.    Causes of Action Previously Dismissed

Plaintiff's "Accounting," "Unjust Enrichment," "Injunction," and "Constructive Trust" causes of action are repeated verbatim from the SAC and differ only to the extent that the allegations incorporated by reference therein have changed.[6] In his opposition, which, as noted, was filed twelve days late, plaintiff fails to argue how the TAC cures any of the deficiencies previously identified by the Court, and, as discussed below, the Court finds those changes, whether considered individually or in combination, do not assist plaintiff in pleading a viable claim.

First, the "Factual Allegations" section of the TAC is identical to the "Factual Allegations" section included in the SAC. (Compare TAC ¶¶ 22-46 with SAC ¶¶ 22-46.) Next, the one change to the "General Allegations" section is that it now states that the previously referenced tolling agreement is attached to the complaint (compare TAC ¶¶ 47-91 with SAC ¶¶ 47-91), and the "Specific Allegations" section of the TAC differs from that included in the SAC only in that it states defendants' earlier-alleged refusals to provide plaintiff with an accounting (see SAC ¶ 77) and to allow him to enter and use the property (see id. ¶ 47, 89) are continuing (see TAC at 24:18-23), and states the Costa Rica courts lack authority to order an accounting (see id. at 24:28). Lastly, to the extent plaintiff is relying on the tolling agreement, a copy of which he now offers, any such reliance is likewise unavailing.

The tolling agreement provides, in relevant part, as follows:

> 2. [Plaintiff] and [defendants] agree that the statute of limitations for refiling the [2008] Action is tolled as of the effective date of this Agreement until such time as

---

[6] Plaintiff has attached to his opposition a redlined version of the TAC highlighting the changes made therein.

4

> the parties are able to resolve the claims therein, or six months from the date of this [A]greement, or any extension thereof, whichever comes first.
>
> 3. This Agreement is not intended to, and shall not in any way, revive any claims which may have been or were time-barred at the time of the filing of the [2008] Action.
>
> . . .
>
> 5. . . . In any event, this Agreement shall terminate automatically on September 1, 2010.

(See TAC Ex. B at unnumbered pages 3-4.)

Plaintiff signed the tolling agreement on March 5, 2010 (see id.), after which it was signed by defendants (see Mot. at 5:26-27 (noting defendants "signed and returned the agreement to plaintiff's counsel in March of 2010")). Assuming any applicable statutes of limitations were tolled from the time of plaintiff's signing on March 5, 2010 until the agreement's expiration on September 1, 2010, such tolling was for no more than six months, a period insufficient to render timely any of the causes of action dismissed by the Court in its prior order and realleged in the TAC. (See Order, filed April 8, 2014, at 5:9-15, 6:15-7:7, 8:12-19, 10:8-12.)

Accordingly, plaintiff's causes of action for "Accounting," "Unjust Enrichment," "Injunction," and "Constructive Trust" are subject to dismissal as time-barred.

### B. Newly Added Causes of Action

The statutes of limitations applicable to plaintiff's six new causes of action, "Breach of Contract," "Conversion," "Intentional Misrepresentation," "Negligent Misrepresentation," "Concealment of Material Facts," and "Breach of Fiduciary Duty," range from two to four years. See Cal. Code Civ. Proc. §§ 337 & 339 (providing two-year and four-year limitations period, respectively, for breach of oral and written contract); id. § 338(c) (providing three-year limitations period for conversion); id. § 338(d) (providing three-year limitations period, deemed to accrue upon discovery, for "action for relief on the ground of fraud"); id. § 343 (providing four-year limitations period for causes of action "not hereinbefore provided for"); see also Fuller v. First Franklin Fin. Corp., 216 Cal. App. 4th 955, 963 (2013) (holding

statute of limitations for breach of fiduciary duty is three years "where the gravamen of the claim is deceit, rather than the catchall four-year limitations period that would otherwise apply").

As pleaded in the TAC, the above-referenced six causes of action are, in all material respects, identical to the same six causes of action as alleged by plaintiff in the 1995, 1999, and 2008 actions. (Compare TAC at 25:6-27:16; 29:28-35:14 with Defendants' Request for Judicial Notice ("RJN") Ex. 1 at 14:8-22; 15:11-21:21.) Plaintiff thus knew the facts giving rise to such causes of action many years prior to the filing of the instant action. In its prior order, the Court observed that any such claims, if pleaded in the TAC, were, in the absence of equitable tolling, likely time-barred. In his opposition, plaintiff offers no argument, nor has he made any showing, as to equitable tolling. Moreover, as set forth below, the record makes clear that any such effort would be unavailing.

Although the filing of a complaint ordinarily tolls the statute of limitations "during the pendency of the action," see Thomas v. Gilliland, 95 Cal. App. 4th 427, 432 (2002), when such original action is voluntarily dismissed by the plaintiff for tactical reasons, it "cease[s] as if it had never been filed," see id. (noting "equitable tolling only applies where the plaintiff has alternate remedies and has acted in good faith"; citing as examples case where state action is first filed in, and dismissed for lack of jurisdiction by, federal court, and case where personal injury claim is first brought as workers' compensation claim). Indeed, as the California Supreme Court has observed, if an action dismissed without prejudice were, "without more, to have the effect of tolling the statute of limitations during the pendency of that action, an indefinite extension of the statutory period through successive filings and dismissals might well result." See Wood v. Elling Corp., 20 Cal. 3d 353, 359-60 (1977) (finding equitable tolling inapplicable where original action dismissed by court for failure to timely effectuate service).

Here, as noted, plaintiff dismissed both the 1999 and the 2008 actions, the former because the court had ruled against him on a motion (see TAC ¶¶ 13, 15) and the latter for

6

1  purposes of settlement (see id. ¶ 17).  Under such circumstances, the statute of limitations
2  was not tolled by the pendency of those actions.  See Wood, 20 Cal. 3d at 359-60.
3  Although the reason for the court's dismissal of the 1995 action is not disclosed in the
4  record presented here, it is clear that more than fifteen years elapsed between March 25,
5  1998, the date on which the 1995 action terminated (see RJN Ex. 2), and July 19, 2013, the
6  date the instant action was filed, a span of time far exceeding the longest of any applicable
7  limitations period.  Consequently, even assuming the applicability of equitable tolling to the
8  1995 action, the claims newly alleged in the instant action are time-barred.

9        Accordingly, plaintiff's causes of action for "Breach of Contract," "Conversion,"
10 "Breach of Fiduciary Duty," "Intentional Misrepresentation," "Negligent Misrepresentation,"
11 and "Concealment of Material Facts" are subject to dismissal as time-barred.

12       **C.**    **Equitable Estoppel**

13       In seeming acknowledgment that his claims are time-barred, plaintiff quotes in his
14 opposition a lengthy passage from Battuello v. Battuelo, 64 Cal. App. 4th 842, 847-48
15 (1998)), in which passage the California Court of Appeal distinguishes the doctrine of
16 equitable tolling from the doctrine of equitable estoppel, which, as set forth in Battuello, is
17 applicable where a party's "conduct has induced another into forbearing suit within the
18 applicable limitations period," see id. at 847.  Plaintiff fails, however, to argue how the
19 doctrine of equitable estoppel applies to any of his causes of action, nor has plaintiff
20 identified any allegations in the TAC, or any facts he might add to it, that could support
21 such an exception to the statute of limitations.  Indeed, rather than having been "induced
22 . . . into forbearing suit," see id., plaintiff has instead filed numerous actions against
23 defendants based on the same set of facts.  Cf. id. at 845, 848 (finding equitable estoppel
24 applicable where plaintiff objected to revised terms of family trust but did not file petition in
25 probate court in reliance on mother's promise that terms of original trust would be followed
26 irrespective of any ruling by the court).

27       Accordingly, plaintiffs fail to show defendants should be estopped from asserting the
28

7

statute of limitations as a defense in the instant action.

### D. Leave to Amend

Where a district court dismisses a complaint for failure to state a claim, the court ordinarily "should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." See Cook, Perkiss and Liehe, Inc. v. Northern Cal. Collection Serv., Inc., 911 F.2d 242, 247 (9th Cir. 1990). Consequently, although plaintiff has not requested such relief, the Court next considers the question of whether further leave to amend is appropriate.

As discussed above, the Court, in its prior order, afforded plaintiff leave to amend his SAC to allege facts showing his claims are not time-barred, and plaintiff in his TAC has failed to do so.[7] Plaintiff has not suggested in his opposition, nor does the record otherwise reflect, the existence of any other facts that might serve to bring plaintiff's twenty-year-old claims within one or more of the applicable statutes of limitations. Under such circumstances, the Court finds further leave to amend would be futile.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss is hereby GRANTED, and the TAC is hereby DISMISSED.

**IT IS SO ORDERED.**

Dated: July 2, 2014

_____
MAXINE M. CHESNEY
United States District Judge

---

[7] Nor has plaintiff endeavored to cure any of the other pleading deficiencies previously identified by the Court.

8